UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-648-EHJ

MARY A. COX                                                                                    PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                   DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Mary a. Cox ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

## PROCEDURAL HISTORY

On December 17, 2001, Claimant filed application for alleging that he became disabled as of October 15, 2001. An unfavorable decision was vacated on appeal and the matter remanded for further proceedings. After a hearing, Administrative Law Judge Reynolds ("ALJ") determined that Ms. Cox's chronic neck and low back pain secondary to degenerative disc disease of the cervical and lumbar spines, obesity, right shoulder peritendinitis, and cataracts in both eyes were severe impairments that prevented her return to any of her past relevant work. The ALJ further found that she retained the residual functional capacity for a significant number of jobs.

## ARGUMENTS ON THIS APPEAL

Plaintiff contends that the ALJ erred in rejecting testimony previously found credible by this

Court on the previous appeal. This Court does *not* make credibility findings in social security cases; rather, the task of this Court is to determine whether the ALJ, as fact-finder, has erred as a matter of law in the manner of reaching factual determinations. The distinction may appear subtle, but it is of fundamental importance. The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

The specific question presented on the previous appeal was whether substantial evidence supported the administrative finding that Ms. Cox could return to her previous medium work. The Findings and Conclusions adopted by this Court in May of 2005 (3:03CV516, docket numbers 15, 16, 18) held that "the ALJ's determination that Ms. Cox can return to any of her past relevant work is not supported by substantial evidence." DN 15 at page 10. It would have been improper for this Court to raise – and decide – the very different question of whether Ms. Cox could do work other than her past relevant work, and, in fact, the Court did no such thing.[1]

---

[1] It should be noted that after entry of the judgment in 3:03CV516, plaintiff sought a clarifying amendment to make it clear that the case was not reversed outright, but was instead remanded for further proceedings. In seeking this clarification, plaintiff implicitly recognized that the ALJ's authority to make new factual determinations remained intact.

Accordingly, as we must reject the notion that the previous appellate decision removed from the ALJ the authority and responsibility to weigh the evidence and make credibility findings. Similarly, the Court must reject the suggestion that the previous Court decision prevented the ALJ on remand from considering any of the evidence considered by ALJ Avots in reaching the 2003 decision. In accordance with plaintiff's request, the matter was remanded to determine whether there was work – other than plaintiff's previous work – that Ms. Cox could do. Considering all available evidence in reaching the questions presented cannot be considered to be "inconsistent" with the order of remand for further proceedings. This is not a case in which the administrative agency in any way interfered with the plaintiff's wish to add to the evidence of record. This Court is aware of no principle of law (and can imagine no logical basis for such a principle) suggesting that "further consideration" requires ignoring evidence previously placed in the record.

An order in conformity has this day entered.